VENABLE LLP

W. BARRY BLUM
Florida Bar No. 379301
100 SE 2nd Street, 44th Floor
Miami, FL  33131
Telephone: (305) 349-2300

ARI N. ROTHMAN
Nevada Bar No. 15806
Email: anrothman@venable.com
600 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH RUEDA and EDWARD RUEDA, as co-personal representatives of the Estate of Gilma Rueda,<br><br>Plaintiffs<br><br>vs.<br><br>ADAM D. STOKES,<br><br>Defendant. | CASE NO. 23-cv-00709-CDS-BNW<br><br>**MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT WITH PROCESS** |

Plaintiffs Elizabeth Rueda and Edward Rueda, as co-personal representatives of the Estate of Gilma Rueda ("Plaintiffs"), through undersigned counsel and under Fed. R. Civ. P. 4(m), respectfully request a 60-day extension of time to serve Defendant Adam D. Stokes ("Stokes") with the Summons and Complaint.  As demonstrated below, good cause for this extension exists, and alternative grounds exist that warrant this Court's discretionary extension to avoid prejudice to Plaintiffs from the denial of this motion.

## INTRODUCTION

1. Fed. R. Civ. P. 4(m) provides that "the court must extend the time for service for an appropriate period" when the plaintiff shows good cause for not having perfected service within 90 days. Good cause exists when an outside factor prevents service, such as defendant's evasion (as opposed to plaintiff's negligence or inattention). Here, as detailed below, good cause exists because Plaintiffs, at significant expense, have promptly, diligently, and repeatedly attempted to locate and serve Defendant Stokes throughout the 90-day service window on multiple occasions as his home address and at two different addresses that Stokes, a licensed Nevada attorney, has on file with the Nevada Bar; but Stokes, who presumably is now aware of the lawsuit, has evaded efforts to serve him.

2. This lawsuit arises from Defendant Stokes' prior representation as a lawyer of Gilma Rueda, now deceased. The alleged breach of contract occurred in 2017. The Complaint was filed on May 5, 2023. Doc. No. 1. Thus, a dismissal of the Complaint, even without prejudice, could in fact prejudice Plaintiffs by creating a potential statute of limitations bar to a re-filed action.

3. After filing the Complaint Plaintiff's counsel retained an independent process server who has made seven (7) separate attempts to serve Stokes spanning a period of thirty (30) days in June and July 2023. As detailed in the Return of Non-Service declaration from process server Anthony Spada of Legal Process Service & Investigations, LLC, attached as Exhibit A hereto. A process server has gone to a residence (at 11405 Sandstone Ridge Dr., Las Vegas, NV 89135) listed as being owned by Stokes and another person (presumably his spouse) on five different days; it is in a gated community with a security guard; one four occasions, there was not answer, and on one occasion the security guard refused access. A process server also went to Stokes' registered address with the Nevada Bar (11700 W. Charleston Blvd., #170-543, Las Vegas, NV 89135) on June 12, 2023, but it is not a law office; rather, it is a commercial mailbox and shipping business. In addition, the process server also went to a second address used by Stokes for his law practice (8965 S. Eastern Ave., Suite 382, Las Vegas, NV 89123); that is a law office but the occupant is a different law firm and a person there "stated that Adam Stokes

2

did not work for this firm, nor was Adam Stokes a client." *See* Exhibit A.

4. Thus, despite repeated, diligent, and costly efforts to serve Stokes, Plaintiff has been unable to do so, in large part because Stokes' address with the Nevada Bar is a commercial P.O. Box and he was not available at the address used by him in connection with his profession. Plaintiffs have now sent to Stokes by overnight delivery to his residence address a Request for Waiver of Service of Process, and they are sending a separate copy of a Request for Waiver to the P.O. Box address on file with the Nevada Bar. Thus, Plaintiffs have made repeated good-faith attempts to serve Stokes at a residential address and at two commercial addresses, including the address on file with the Nevada Bar. Accordingly, Plaintiffs require additional time to serve Stokes with the Summons and Complaint. *See* Exhibit A.

5. This motion is filed within the 90-day service period. In any event, the Ninth Circuit has held that "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after*" expiration of the 90-day period." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

## ARGUMENT

I. **There is "good cause" to extend the deadline for service under Rule 4(m) because Stokes is aware of the lawsuit, the extension sought is reasonable, and Plaintiffs would suffer severe dismissal by a dismissal.**

Rule 4(m) of the Federal Rules of Civil Procedure expressly provides that a "court must extend the time for service for an appropriate period" when a plaintiff shows good cause for not effecting service on a defendant within 90 days. Fed. R. Civ. P. 4(m). Indeed, the Ninth Circuit has explained that "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001)). The second basis for an extension is discretionary; even if good cause were not established the court may extend time for service upon a showing of excusable neglect. *Id.* Accord *Moebius v. Carnevale*, No. 221CV00970ARTVCF, 2022 WL 2533155, at *1 (D. Nev.

3

July 7, 2022) (Traum, J.) (Rule 4(m) "mandates an extension of time for plaintiffs who show good cause and authorizes an extension of time even in the absence of good cause where a plaintiff demonstrates excusable neglect."); *Whitfield v. Nevada State Pers.*, No. 320CV00637 MMDWGC, 2022 WL 171138, at *2 (D. Nev. Jan. 18, 2022) (Du, C.J.) ("If the plaintiff has failed to substantially comply with Rule 4(m), there are 'two avenues for relief' instead of dismissal. First, 'the district court must extend time for service upon a showing of good cause.' Second, if there is no good cause, 'the district court may extend time for service upon a showing of excusable neglect.'").

Thus, "a plaintiff can preserve his original filing date for a complaint by satisfying one of two standards: good cause or excusable neglect." *Moebius*, 2022 WL 2533155, at *1. Stated differently:

> "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'"

*Cabrera v. NaphCare*, No. 319CV00200MMDWGC, 2022 WL 1110240, at *2–3 (D. Nev. Jan. 10, 2022) (Cobb, Mag, J.), *report and recommendation adopted sub nom. Cabrera v. Kocijanski*, No. 319CV00200MMDCSD, 2022 WL 833167 (D. Nev. Mar. 18, 2022). "District courts have broad discretion to extend time for service under Rule 4(m). *Efaw*, 473 F.3d at 1041. Applicable here, moreover, the Ninth Circuit has explained that the "[e]xercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action. *Lemoge*, 587 F.3d at 1198 (citing *Efaw*, 473 F.3d at 1041); *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). That is the situation here, as the statute of limitation could become a factor if there was a dismissal without prejudice and a new lawsuit had to be filed.

Moreover, there would be no real prejudice to Defendant as he will have received the

Request for Waiver of Service with a copy of the Complaint, and he almost assuredly is aware of the process server's attempt to serve him with process. A copy of this Motion is being served to an e-mail address formerly used by Stokes in connection with his law practice and also mailed to his residence address. In addition, Plaintiffs attempted earlier in 2023 to commence a Nevada Bar fee grievance procedure related to the issues in this action, and Plaintiffs believe Stokes was made aware of that request (which the Bar declined to resolve without prejudice to any legal action Plaintiffs might institute). Also, Plaintiffs have filed a FINRA arbitration against the broker-dealer that referred the deceased Mrs. Rueda to Stokes and that was expressly mentioned in Stokes' fee contract with Mrs. Rueda, and that brokerage firm has filed documents in the arbitration referring to this action having been filed. There will be no tangible prejudice to Defendant from the requested 60-day extension under Rule 4(m), but the prejudice to Plaintiffs of not granting the extension will be severe.

Here, Plaintiffs' good faith is demonstrated by their prompt, diligent, and sustained efforts Defendant Stokes. The failure to serve him to date is attributable to a misimpression that his Nevada Bar registered address would be valid and other factors outside Plaintiffs' control, including Stokes' use of professional addresses at which he is not available for service of process, and security and unresponsiveness at his residence address. In addition, as noted Plaintiffs have sent by FedEx® a waiver of service under Fed. R. Civ. P. 4(d). *See* Exhibit B hereto, Waiver of Service to Stokes, and he has 30 days to respond to that request. In the meantime, Plaintiffs intend to continue to perfect service and to engage investigators to attempt to locate and serve Stokes with process.

The list below, supported by the statement of the process server attached as Exhibit A, details multiple efforts to serve Stokes. As demonstrated below, Plaintiffs have, at significant expense, engaged in a diligent and good faith effort to serve Defendant Stokes with the Summons and Complaint:

Case 2:23-cv-00709-CDS-BNW   Document 13   Filed 08/03/23   Page 6 of 9

CASE NO. 23-cv-00709-CDS-BNW

| Location: | 11700 W. Charleston Blvd.,#170-543, Las Vegas, NV 89135 |
|---|---|
| 6/12/2023 5:58 PM | Attempted service was made at the address of 11700 W. Charleston Blvd.,#170-543, Las Vegas, NV 89135. This is a commercial address. The business tenant is Postal Pros: a mailbox and shipping business. The Owner, Andrew (white, male, 45 y/o, 6'1", 250 lbs., brown hair, no glasses) stated that Adam D. Stokes did not work for this business. |
| **Location:** | **11405 Sandstone Ridge Dr., Las Vegas, NV 89135** |
| 6/21/2023 3:42 PM | Attempted service was made at the address of 11405 Sandstone Ridge Dr., Las Vegas, NV 89135. This address is within an exclusive guard gated community. A guard escort was received. The guard could not release information on previous or current occupants. Observed the window shades were closed. Observed front porch gate unlocked and open. Observed a video doorbell. No response was received at the door. No activity was observed or heard. No vehicle was observed. The guard would not allow contact with the neighbors |
| 6/24/2023 12:24 PM | Attempted service was made at the address of 11405 Sandstone Ridge Dr., Las Vegas, NV 89135. This address is within an exclusive guard gated community. A guard escort was received. The guard could not release information on previous or current occupants. Observed the window shades were closed. Observed front porch gate unlocked and open. Observed a video doorbell. No response was received at the door. No activity was observed or heard. No vehicle was observed. The guard would not allow contact with the neighbors. |
| 6/27/2023 7:38 PM | Attempted service was made at the address of 11405 Sandstone Ridge Dr., Las Vegas, NV 89135. This address is within an exclusive guard gated community. A guard escort was received. The guard could not release information on previous or current occupants. Observed the window shades were closed. Observed front porch gate unlocked and open. Observed a video doorbell. No response was received at the door. No activity was observed or heard. No vehicle was observed. The guard |

| | | |
|---|---|---|
| | | would not allow contact with the neighbors. |
| | 6/29/2023 7:02 AM | Attempted service was made at the address of 11405 Sandstone Ridge Dr., Las Vegas, NV 89135. This address is within an exclusive guard gated community. The guard denied access at this time; no reason was provided. |
| | 7/1/2023 8:33 AM | Attempted service was made at the address of 11405 Sandstone Ridge Dr., Las Vegas, NV 89135. This address is within an exclusive guard gated community. A guard escort was received. The guard could not release information on previous or current occupants. Observed the window shades were closed. Observed front porch gate unlocked and open. Observed a video doorbell. No response was received at the door. No activity was observed or heard. No vehicle was observed. The guard would not allow contact with the neighbors. |
| | **Location:** | **11700 W. Charleston Blvd.,#170-543, Las Vegas, NV 89135** |
| | 7/11/2023 2:13 PM | Attempted service was made at the address of 8965 S. Eastern Ave., Suite 382, Las Vegas, NV 89123. This is a commercial address. The business tenant is Reisman Sorokac Attorneys. Evan Warnoch (white, male, 35 y/o, 6'0", 240 lbs, brown hair, no glasses), Accounting Administrator, stated that Adam Stokes did not work for this firm, nor was Adam Stokes a client |

Given the FedEx® delivery of a requested waiver of summons, the prior Bar grievance filing, and the broker-dealer's awareness of this suit, Stokes is almost certainly aware of the lawsuit. Also, as noted, Plaintiffs have attempted to serve him through personal service at three different locations and have conducted surveillance of his residence, further showing good cause for an extension of time. Plaintiffs' ongoing and diligent efforts to serve Stokes and Stokes' evasion of service to date support a finding of good cause for the requested extension of time. Accordingly, the requested 60-day extension of time to serve the Summons and Complaint is appropriate.

Plaintiffs submit that good cause exists mandating the requested extension. Even if, however, the Court considered that that threshold were not met, the Court should grant an extension based on the circumstances of this case to prevent severe prejudice to Plaintiffs if the

action were dismissed given the potential limitations issue, which would result only in Stokes benefitting from his evasion of service. Plaintiffs thus respectfully request the Court, to the extent necessary, to consider the totality of the circumstances and Plaintiffs' diligence in attempting service and to extend the time for service of process by 60 days.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: grant Plaintiffs' Motion for Extension of Time to Serve Summons and Complaint and extend the time for service of process on Defendant Stokes for sixty (60) days from the date of the Court's order.

Dated: August 3, 2023

Respectfully submitted,

VENABLE LLP

 /s/ W. Barry Blum
W. BARRY BLUM
Florida Bar No. 379301
100 SE 2nd Street, 44th Floor
Miami, FL 33131
Tel: 305.349.2339
bblum@venable.com
(*admitted pro hac vice*)

ARI N. ROTHMAN
Nevada Bar No. 15806
600 Massachusetts Ave. NW
Washington, D.C. 20001
Tel: 202.344-4000
anrothman@venable.com

KAPLAN YOUNG
Kory L. Kaplan
10091 Park Run Drive, Suite 190
Las Vegas, NV 89145
Tel: 702.381.8888
kory@kaplanyoung.com

*Attorneys for Plaintiffs*

**ORDER**

**IT IS SO ORDERED**

**DATED:** 8:27 pm, August 03, 2023

**BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE**

CASE NO. 23-cv-00709-CDS-BNW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion was filed via CM/ECF on August 3, 2023, and was separately served via e-mail to **mradamstokes@gmail.com** and mailed to Adam Stokes, 11405 Sandstone Ridge Dr., Las Vegas, NV 89135.

 /s/ W. Barry Blum
W. BARRY BLUM

VENABLE LLP
600 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000 Facsimile: (202) 344-8300